McGregor Scott
~~PHILLIP A. TALBERT~~
United States Attorney
KYLE R. RATLIFF
Special Assistant U.S. Attorney
412 TW/JA
1 South Rosamond Blvd.
Edwards AFB, CA 93524
Phone: (661) 277-4310
Fax: (661) 277-2887

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:17-po-00173-JLT |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| MIRANDA A. JOHNSON, | |
| Defendant. | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through ~~Phillip A. Talbert~~ McGregor Scott, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Kyle R. Ratliff, and Defendant Miranda A. Johnson, have agreed as follows:

**I. Agreements by the Defendant.**

A. The Defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

B. The Defendant agrees to enter a plea of guilty to Citation No. 7056358, dated March 2, 2017.

C. The Defendant acknowledges that her plea of guilty is voluntary and that no force,

threats, promises, or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the Defendant to plead guilty.

D. Regarding Citation No. 7056358, Defendant agrees to pay a thirty-dollar ($30.00) processing fee. Defendant agrees to pay the total amount of $30.00 for the processing fee that will be made payable to the Central Violations Bureau within one (1) month following the date of this Plea Agreement. Defendant agrees to complete twenty (20) hours of community service.

E. Should the Defendant not be a citizen of the United States, the Defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from her plea.

F. The Defendant acknowledges that this agreement has no bearing on any potential administrative action that the Defendant's employer seeks to pursue.

## II. Agreements by the Government.

A. With respect to Citation No. 7056358, dated March 2, 2017, the Government agrees to recommend the sentence set forth above.

B. The Government agrees to waive any mandatory appearance requirement for the Defendant upon execution of this agreement.

## III. Nature, Elements, and Possible Defenses.

A. The Defendant has read the charges contained in the aforementioned citations, and the charges have been fully explained to her. Further, the Defendant fully understands the nature and elements of the crime in the citations to which he is pleading guilty, and has been given an opportunity to discuss them with an attorney.

## IV. Factual Basis.

A. The Defendant concedes that she will plead, and is pleading, guilty to the crime set forth in Citation No. 7056358, dated March 2, 2017, because she is, in fact, guilty of the offense.

The Defendant agrees that the following are the true and correct facts of Citation No. 7056358: on March 2, 2017, at or near Edwards Air Force Base, in the State and Eastern District of California, and in the special maritime and territorial jurisdiction of the United States, the Defendant, Miranda A. Johnson, was driving with a suspended or revoked driver's license. At that time, the Defendant was attempting to gain access to Edwards Air Force Base without base-affiliated identification. Such action caused Officer Mark Serrano to request the Defendant's driver's license, which she was unable to provide. Entry control determined the Defendant's driver license was suspended and Ms. Johnson knew about the suspension. Officer Serrano subsequently cited Defendant for violating section 14601(a) of the California Vehicle Code.

**V. Waiver of Rights.**

A. The Defendant understands that by pleading guilty she surrenders certain rights, including the following:

B. If the Defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial by a jury.

C. The jury would find the facts and determine, after hearing all the evidence, whether or not the jury was persuaded of the Defendant's guilt beyond a reasonable doubt.

D. At a trial, the Government would be required to present its witnesses and other evidence against the Defendant, and prove each element of the charge against the Defendant beyond a reasonable doubt. The Defendant would have the opportunity to confront those Government witnesses. In turn, the Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. At trial, the Defendant would have the right to assistance of legal counsel. If she could not afford legal counsel, the Court would appoint an attorney for her at no expense.

E. At trial, the Defendant would have the privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from this refusal to testify. The Defendant understands that by pleading guilty she is waiving all of the rights set forth above, and

acknowledges that she has had an opportunity to consult with her attorney and have the attorney explain to her those rights and the consequences of her waiver of those rights.

VI. **Entire Agreement.**

A. This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement. This written agreement sets forth all of the terms of the agreement and is enforceable only as to the terms set forth herein.

Respectfully Submitted,
McGregor Scott
~~PHILLIP A. TALBERT~~
United States Attorney

DATED: 1/8/18

KYLER R. RATLIFF
Special Assistant U.S. Attorney

DATED: 1/12/18

ANDREW WONG
Assistant Federal Defender

DATED: 12-27-17

MIRANDA A. JOHNSON
Defendant

IT IS SO ORDERED.

DATED: January 8, 2018

JENNIFER L. THURSTON
U.S. MAGISTRATE JUDGE